# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| GARY W. HOLLOMAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CV409-50 |
| TERESA WHITE, ROLAND L. SHARPE, CHARLES P. ROSE, JR., MICHAEL T. MULDREW, | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Gary Holloman, a parolee, has filed a 42 U.S.C. § 1983 complaint alleging that the defendants conspired to imprison him. (Doc. 1 at 5.) He seeks millions of dollars in damages and a public apology from the defendants. (*Id.* at 6.) Because he appears to be indigent, his application to proceed *in forma pauperis* ("IFP") (doc. 2) is **GRANTED**, but his case should be **DISMISSED**.

The right to proceed IFP in litigation in the federal district courts is

provided for by 28 U.S.C. § 1915. Litigants are not entitled as of right to proceed without the prepayment of a filing fee. IFP status, rather, is a privilege which may be denied when abused. The IFP statute therefore authorizes courts to dismiss cases *sua sponte* if: (1) the allegation of poverty is untrue, (2) the action is frivolous or malicious, (3) the complaint fails to state a claim upon which relief may be granted, or (4) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2). Holloman's action fails to state a claim for relief.

Holloman contends that in 1994 Investigator Teresa White, C.I.D. Roland Sharpe, Assistant District Attorney Michael T. Muldrew, and Charles Rose, Jr., conspired to prosecute him by using fabricated evidence and then took him to trial for a crime that was never charged.[1] (Doc. 1 at 5.) He seeks $4,000,000.00 in damages for false imprisonment and pain and suffering, and he asks that the defendants pay court costs and make a

---

[1] In 1996, Holloman asserted substantially similar allegations against defendants White and Sharpe, which the Court found to be barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *Holloman v. White*, No. MC496-097, doc. 2 (S.D. Ga. Oct. 31, 1996) ("Plaintiff seeks to recover monetary damages from the defendants because they allegedly conspired to bring false charges against him, resulting in his conviction for the sale of cocaine in the Superior Court of Liberty County."). Holloman asked that the case be dismissed so he could pursue habeas relief. *Id.*, doc. 3.

public apology. (*Id.* at 6.)

Plaintiff's complaint, at bottom, challenges the legality of his conviction[2] (*id.* at 5-6), and a § 1983 damages claim that calls into question the lawfulness of the conviction or sentence simply "does not accrue until the conviction or sentence has been invalidated." *Heck,* 512 U.S. at 489. The Supreme Court likened such claims to common law tort actions for malicious prosecution, which historically have required the plaintiff to allege and prove the termination of the prior criminal proceeding in his favor as an element of his claim. *Id.* at 484-86. Thus, the Supreme Court held

> that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

---

[2] Plaintiff states that he was arrested on fabricated charges but successfully prosecuted on a different charge. Doc. 1 at 5. It is possible that plaintiff meant to assert a free-standing false arrest claim, but it is not clear from the text of the complaint. For instance, the "fabricated" arrests may not be related to the subsequent conviction and would thus not be subject to the *Heck* bar, which is discussed *infra*. In any event, since Holloman's arrest occurred some 15 years ago, any false arrest claim would be barred under the two-year limitations period applicable to § 1983 actions brought in Georgia. *Mullinax v. McElhenney,* 817 F.2d 711, 715-16 n.2 (11th Cir. 1987); *Williams v. City of Atlanta,* 794 F.2d 624, 626 (11th Cir. 1986) ("the proper limitations period for all section 1983 claims in Georgia is the two-year period set forth in O.C.G.A. § 9-3-33 for personal injuries."). *See Wallace v. Kato,* 127 S. Ct. 1091, 1095 (2007) (torts of false imprisonment and arrest arise from "detention without legal process" and they "end[] once the victim becomes held pursuant to such process," so such a claim accrues before the termination of the criminal proceedings).

3

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id.* at 486-87. Holloman alleges that he was prosecuted on trumped up charges. But because Holloman has not alleged that his conviction has been set aside or invalidated,[3] he may not proceed with a § 1983 claim against these defendants, for if he were to prevail on his "fabricated evidence" suit for monetary damages, his victory in the § 1983 action would "necessarily imply the invalidity of his conviction." *Id.* at 487. *See Miller v. Pate*, 386 U.S. 1, 7 (1967) ("the Fourteenth Amendment cannot tolerate a state criminal conviction obtained by the knowing use of false evidence."); *Brown v. Mississippi*, 297 U.S. 278, 286 (1936) (the Due Process Clause forbids convictions predicated on deliberate deceptions); *Limone v. Condon*, 372 F.3d 39, 45-46 (1st Cir. 2004) (those charged with upholding the law are prohibited from deliberately fabricating evidence). Accordingly his claim

---

[3] As *Heck* makes clear, *serving* the sentence is not enough.

should be **DISMISSED** without prejudice.

**SO REPORTED AND RECOMMENDED** this <u>23rd</u> day of March, 2009.

/s/ J.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA